IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 4:16CR528 AGF (PLC) |
| ) | |
| ) | |
| TODD BECKMAN, ) | |
| ) | |
| Defendant. ) | |

**MOTION TO SUPPRESS STATEMENTS AND EVIDENCE**

COMES NOW, Defendant, by and through counsel, and moves this Honorable Court to Suppress any and all statements made by Defendant to law enforcement as the statements were taken in violation of the Defendant's rights under the Fifth and Sixth Amendments of the United States Constitution. Defendant also moves to suppress any evidence obtained as a result of consent searches authorized by Defendant on the day he was taken into custody.

**I. DEFENDANT'S STATEMENTS TO LAW ENFORCEMENT SHOULD BE SUPPRESSED GIVEN THE STATEMENTS WERE TAKEN IN VIOLATION OF DEFENDANT'S FIFTH AND/OR SIXTH AMENDMENT RIGHTS.**

Law enforcement officers obtained Defendant's statements in violation of his *Miranda* rights and his Due Process Rights under the Fifth Amendment. Law enforcement officers questioned Defendant extensively on the date of his arrest. At the beginning of Defendant's custodial interrogation, he unequivocally requests counsel, yet questioning continues. Defendant did not reinitiate communication with law enforcement officers. Further, law enforcement officers gave Defendant, and allowed him to drink, an excessive amount of alcohol prior to, and during, his interrogation. Therefore, Defendant's statements were taken unconstitutionally and should be suppressed.

The Fifth and Sixth Amendment layouts the foundational groundwork for law enforcement obtained statements by Defendants. The procedures used to obtain statements must comport with the voluntariness requirements of the due process clause of the Fifth Amendment. *Mincey v. Arizona*, 437 U.S. 385 (1978). Law enforcement must also make sure the procedures comport with the Sixth Amendment's right to counsel and Fifth Amendment's privilege against self-incrimination. *See Miranda v. Arizona*, 384 U.S. 436 (1966).  Any valid waiver of *Miranda* rights requires the government demonstrate that the statements meet a voluntariness standard, and that "the defendant knowingly and intelligently waived" his *Miranda* rights (*Id.* at 475-76). "Any evidence that the accused was threatened, tricked, or cajoled into a waiver will, of course, show that the defendant did not voluntarily waive his privilege." *Id.* at 476.

Under *Miranda*, "[i]f an the individual states that he wants an attorney, the interrogation must cease until an attorney is present." *Id.* at 474. At that point, there may be no further interrogation of the individual until counsel has been made available, unless the individual initiates further communication or conversations with police. *Edwards v. Arizona,* 451 U.S. 477, 484-85 (1981). If law enforcement ignore the request for counsel, subsequent statements must be excluded, regardless if other officers questioned the suspect or did not know of the invocation. *Arizona v. Roberson*, 486 U.S. 675 (1988); *Michigan v. Jackson*, 475 U.S. 625 (1986).

Even if a statement is secured in compliance with the Fifth Amendment privilege against self-incrimination and Sixth Amendment protections, it must still meet the voluntariness test of the Due Process Clause of the Fifth Amendment. *Mincey*, 437 U.S. 385 (1978). The voluntariness standard "requires careful evaluation of all the circumstances of the interrogation," including if a defendant's request for counsel are ignored or *Miranda* rights are violated. *Id.* at 401. The statements must be "the product of [an individual's] free and rational choice" and be

indicative of "a rational intellect and a free will." *Id.* at 398. Courts look to circumstances including defendant's physical and mental condition, as well as to requests for counsel. *Id.* at 397-401.

      Defendant unequivocally requested counsel prior to making any statements. On December 1, 2016, Defendant was arrested in conjunction with this investigation and case. On an audio-visual recording of Defendant with law enforcement, he clearly states to an officer that he wants to "call Travis to get him over [there]." The law enforcement officers continues to converse with Beckman by asking "Travis Noble?" to which Beckman responds in the affirmative. The two of them talk about Travis Noble being an attorney and Travis' reputation as an attorney. The statement by Beckman and follow-up conversation amount to a clear invocation of Beckman's *Miranda* rights, specifically his right to counsel. At that time, questioning should have ceased immediately. Instead, the officer leaves the room and numerous other officers enter and proceed to unconstitutionally question Defendant. At no time did Defendant reinitiate communication with law enforcement. All communication was initiated by law enforcement. Therefore, all statements obtained by Beckman should be suppressed due to being obtained in violation of Beckman's *Miranda* rights and right to counsel under the Sixth Amendment of the United States Constitution.

      Any argument that Defendant validly waived his *Miranda* rights is meritless. Prior to and during questioning of Beckman by law enforcement, Beckman was given a large amount of alcohol by officers. In addition, counsel for Defendant at Defendant's business where Beckman was present with officers. Counsel for Defendant witnessed officers allowing Beckman to pour and consume between 6-8 ounces of vodka. The incident witnessed by Counsel was at least the second alcoholic drink consumed by Beckman while he was in custody of law enforcement. In

that officers arranged and allowed Beckman to become seriously intoxicated, any potential waiver was not done so in a voluntary, knowing and intelligent manner. Beckman became so intoxicated that he collapsed in his cell on the date of arrest, where he was found on the floor seizing. Beckman was subsequently hospitalized. Considering officers allowed and encouraged Beckman to become intoxicated, its clear the not only was his mental capacity compromised, but he was "cajoled" into any potential waiver. Therefore, any potential waiver should be found invalid.

Beckman's statements were not voluntary as required by the Fifth Amendment's due process clause. The government has the burden of proving the voluntariness of Defendant's statements. Defendant reasserts his arguments regarding Defendant's intoxication at the hands of law enforcement in support of his contention that his statements were not voluntary. In addition to his intoxication, like the defendant in *Mincey*, Beckman's request for counsel were ignored. Thus, his statements should be suppressed on due process grounds.

Statements obtained after police-induced intoxication "are automatically excluded despite any other objective evidence of reliability." *Davis v. Bara,* 542 F.Supp. 743, 747 (E.D.N.Y 1982).

Therefore, this Court should suppress Defendant's statements as the statements were taken unconstitutionally.

**II. ANY AND ALL PHYSICAL EVIDENCE OBTAINED IN CONSENT SEARCHES FROM DEFENDANT'S CONSENT SHOULD BE SUPPRESSED AS DEFENDANT'S CONSENT TO SEARCH WAS NOT VOLUNTARILY GIVEN DEFENDANT WAS INTOXICATED AT THE HANDS OF LAW ENFORCEMENT.**

The Fourth Amendment of the United States Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches

and seizures, shall not be violated, and no warrants shall issue, but upon probable cause . . ." A common exception to the warrant requirement is a "consent search." *Birchfield v. North Dakota*, 136 S. Ct. 2160 (2016). The burden rests upon the Government to prove consent was voluntarily given based on a totality of the circumstances. *Illinois v. Rodriguez*, 497 U.S. 177 (1990); *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973). Consent may not be induced by fraud, coercion, or duress. *Birchfield*, 136 U.S. 2160 (2016).

Any consent to search obtained from Defendant was not knowing, intelligent, and voluntary. Defendant once again restates his above argument regarding police-induced intoxication, defendant's intoxication, and the voluntariness of any statements, including statements amounting to consent to search. As a result of Defendant's argued consent to search while he was intoxicated and unconstitutionally questioned, the government seized evidence from Defendant, including money in Defendant's safe. Furthermore, the officers only found out about the seized evidence after unconstitutionally questioning Defendant. Thus, any and all evidence obtained from consent searches allegedly authorized by Defendant should be suppressed, as should any evidence obtained as the result of unconstitutional questioning.

Wherefore, for the foregoing reasons, Defendant moves this Honorable Court to suppress his statements and evidence, and for any such other and further relief this Court deems just and proper.

       Respectfully submitted,

       SINDEL, SINDEL & NOBLE P.C.

       /s/ GRANT C. BOYD
       GRANT C. BOYD #67362MO
       Attorney for Defendant
       8000 Maryland Ave., Ste. 910
       Clayton, MO  63105
       314-721-6040/314-721-8545 Fax

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 6th day of March, 2017, a copy of the foregoing **MOTION TO SUPPRESS STATEMENTS AND EVIDENCE** was filed electronically with the Clerk of the Court in the United States District Court, Eastern District of Missouri and to be served by the operation of the Court's electronic filing system upon all attorneys of record.

       /s/ GRANT C. BOYD