UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | )   No.   4:16 CR 528 AGF PLC |
| TODD BECKMAN, | ) ) ) |
| Defendant. | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT BECKMAN'S
MOTION TO RECONSIDER DETENTION ORDER AND SET BOND**

The United States of America, by and through its attorneys, Carrie Costantin, Acting United States Attorney for the Eastern District of Missouri, and John T Davis, Assistant United States Attorney for said District, and replies to Defendant Todd Beckman's Motion to Reconsider Detention Order and Set Bond ("Defendant's Motion," Doc. # 131) as follows:

**BACKGROUND**

On December 1, 2016, a Criminal Complaint and arrest warrant was issued against Defendant Todd Beckman ("Defendant") and other co-defendants charging violation of Title 18, U.S.C. § 1201 (Kidnapping) from November 21 through November 23, 2016.  The affidavit in support of the Complaint avers that Ellis Athanas was kidnapped and assaulted by certain individuals, including Defendant Beckman.  Specifically, the affidavit asserts that the Defendant made contact with Athanas after he was forcibly restrained to a support beam in a basement with handcuffs and zip ties.  The affidavit further states that while the victim was restrained, Defendant Beckman brandished a handgun, struck the victim numerous times with the handgun, and pressed the barrel of the handgun to his head and pulled the trigger.  Agents subsequently recovered that handgun, as identified by the victim, from Defendant Beckman's automobile on

the day of his arrest.  Forensic tests have subsequently identified the victims DNA on the handgun.

The affidavit, as supported by the victim and his mother, also states that Defendant Beckman, in the victim's presence, telephoned the victim's mother and demanded money in return for the his release.  In subsequent phone calls, the victim's mother received threats towards her son and could hear him screaming in the background.

During two days of captivity in the basement, the kidnappers threatened the victim that they would wrap him in plastic, shoot him and heat shrink the plastic to his body.  Investigators later recovered security video tape from a Lowes that purports to show Defendant Beckman and an unknown male purchasing what appear to be plastic wrap and a heat gun on November 22, 2016.

Following the two days of captivity in the basement, Defendant Beckman and a co-defendant forcibly transported the victim to a shipping container located on property owned by Beckman.  The victim was bound to the inside the container and left there overnight.  The next day, Defendant Beckman and a co-defendant forced the victim into a Tan Co company van owned by Defendant Beckman and transported the victim to a location where he was released in return for a $27,000.00 ransom payment made by the victim's parents.

The victim positively identified Defendant Beckman in a photo line-up and agents and task force officers arrested Defendant Beckman on December 2, 2016.  The Defendant consented to a 3-hour videotaped interview with Maplewood detectives wherein he admitted to being in the basement and observing the beaten and injured victim restrained to the support beam.  Defendant further admitted to having summoned co-defendant Kerry Roades to the scene.  As part of the interview, Defendant Beckman signed consent to search forms for real and personal property

owned by him that include, but are not limited to, his automobile and his business office located at 11 Champion Drive, Fenton, MO.  From the automobile agents seized the aforementioned firearm and from the office building agents seized $5,000.00 from a safe that Defendant Beckman admitted was part of the ransom money.

The Government moved for the Defendant's detention [Doc. # 4] and on December 9, 2016, the Defendant had a detention hearing before this Court. [Doc. # 15].   At the hearing, after consultation with retained counsel, Defendant Beckman waived hearing on detention. [Doc. #15].  This Court thoroughly examined the Defendant under oath to ensure that the Defendant's waiver was knowing, intelligent, and voluntary.  The Defendant also executed a signed waiver of detention concurrent with his oral waiver. [Doc. #15].  This Court concluded, based on the Defendant's colloquy with the Court and executed written wavier, that the Defendant had been fully and adequately advised of his rights and that his waiver of a detention hearing was knowing, intelligent and voluntary. [Doc. #15].  Further, this Court considered the Report of the Pretrial Services Office and all of the factors required to be considered by Title 18, U.S.C. § 3142(g) and found that there were no conditions or combinations of conditions that would reasonably assure the appearance of the defendant as required and the safety of the community. [Doc. #16]

The Defendant was subsequently indicted for Conspiracy to Kidnap in violation of Title 18, U.S.C. § 1201 and with Possessing and Brandishing a Firearm in Furtherance of a Crime of Violence in violation of Title18, U.S.C. § 924(c). [Doc. #21]. [1]  The Government renewed its motion for detention after the issuance of the Indictment.  [Doc. #28].

The investigation has continued post-Indictment.  Interviews with cooperators have

---

[1] Defendant's motion at paragraph 1 incorrectly omits Count II, a charge that carries a mandatory consecutive 7-year prison sentence if convicted.

corroborated the victim and Beckman, and confirmed that the Defendant acted extremely violently here.

## ARGUMENT

A.     Defendant Waived a Detention Hearing.

As a threshold matter, Defendant already waived his hearing on detention.  He now motions this Court for reconsideration of his previous decision citing his children, employment and numerous ties to the community.  However, these conditions existed at the time of Defendant Beckman's voluntary waiver of a detention hearing.  At the hearing, this Court fully advised Defendant of his rights and Defendant confirmed, under oath, that he understood his rights, and that he wished to waive his right to a detention hearing. This Court found Defendant's waiver was "knowing, intelligent, and voluntary." [Doc. #15].

To set aside the Defendant's waiver based upon hardship imposed on the defendant's children and the defendant's inability to manage his business due to his arrest would send a message that knowing, willing, and voluntary waivers are essentially meaningless. Thus, Defendant's motion should be denied on its face to protect the integrity of the proceedings before this Court.

B.     The Presumption of Detention has not been Rebutted by Defendant.

Regardless of the Defendant's waiver, Count Two of the Indictment charges Defendant with a firearms offense listed under Title 18, U.S.C. § 924(c).  A finding of probable cause that Defendant committed such an offense subjects him to a statutory presumption in favor of detention that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(3)(B) and (f).

The Grand Jury found probable cause to believe that Defendant violated Title 18, U.S.C. § 924(c) giving rise to the rebuttable presumption of detention.  That presumption is alone supported by the evidence presented in the affidavit supporting the original Criminal Complaint combined with the evidence presented to the Grand Jury supporting the allegations contained in the Indictment.

The evidence against Defendant Beckman is overwhelming.  Defendant Beckman's admissions mean that he was at least present at the scene of a violent assault involving a handgun and taser. Such evidence of Defendant's participation in such a disturbing crime is evidence enough of the danger posed by Defendant to the victim, the victim's family and the community.

Thus, Defendant has failed to refute the presumption of detention.

C. There is No Condition or Combination of Conditions Protecting the Community and Assuring Defendant's Presence.

Even if there was no presumption of detention present here, Defendant should still be detained.  First, this Court has already concluded by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the Defendant's appearance as required.  Defendant Beckman faces the potential of a prison sentence of any term of years to life, plus 7 years consecutive if convicted.  The prospect of a lengthy prison sentence causes individuals to engage in behavior they might otherwise not engage in – such as flight – regardless of any tie to a particular community.  Defendant has the means and resources to flee.

Second, the vicious, violent acts perpetrated in this case by Defendant and his co-conspirators are clear and convincing evidence that Defendant is a danger to the community and dangerous to any witnesses that may come forward with information against the Defendant or his co-defendants.

Finally, the Pre-trial Services Report is unable to identify any condition or combination thereof to ensure the safety of the community or Defendant's continued appearance.

WHEREFORE, the Government respectfully requests that Defendant's Motion be denied.

Respectfully submitted,

CARRIE COSTANTIN
Acting United States Attorney

 /s/ John T Davis
John T Davis #40915MO
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

 /s/ John T Davis
John T Davis #40915MO
Assistant United States Attorney