RECEIVED

NOV 22 2019

BY MAIL

IN THE UNITED STATES DISTRICT

COURT FOR THE EASTERN DISTRICT OF MISSOURI

[ St. Louis Division]


TODD BECKMAN, Defendant

v.                                    DIst. Ct. No.: 4:16-CR-528-AGF-1

UNITED STATES OF AMERICA, Appellee



MOTION TO FILE AN APPEAL OUT OF TIME [MOTION FOR EXTENSION

OF TIME TO FILE AN NOTICE OF DIRECT CRIMINAL APPEAL], pursuant

TO FEDERAL RULES OF APPELLATE PROCEDURE RULE 4 (b) (4),

NOTES OF ADVISORY COMMITTEE ON 2002 AMENDMENTS, THROUGH

SELF-REPRESENTATION, PURSUANT TO 28 U.S.C. 1654

To:   Judge Fleissig,

Defendant Todd Beckman submits this motion to file an appeal out of time [motion for an extension of time to file an notice of direct criminal appeal], pursuant to Federal Rules of Appellate Procedure, Rule 4 (b) (4), notes of Advisory Committee on 2002 Amendments, through self-representation, pursuant to28 U.S.C. 1654, to this court so that his sentencing Judge, Judge Fleissg, can faithfully and fairly determine whether the time to file this motion should be extended for 30 days upon showing of excusable neglect, United States v. Starr, 603 Fed Appx. 517 (8th Cir. 2015); United States v. Rowley, 325 Fed. Appx. 476,477 (8th Cir. 2009); United states v. Rasool, 269 Fed. appx. 612 (8th Cir. 2008) United States v. Echols, 252 Fed Appx. 110 (8th Cir. 2007); United States v. Kimbrell, 258 Fed. Appx. 69,70 (8th Cir. 2007); United States v. Hernandez-Arellano, 17 Fed. Appx. 505, 506 (8th Cir. 2001);United States v. Petty, 82 F. 3d 809 (8th Cir. 1996); United States v. Anna 843 F.2d 1146 (8th Cir. 1998), in which, the defendant can rely on his former trial attorney's [Attorney Travis L. Noble, Jr.] inadvertent failure to file a timely notice of appeal in the defendant's favor at his sentencing hearing on Feb. 9, 2018 or before the 14 day time to appeal expiration date expired after his sentencing on February 9, 2018 as an excusable neglect to "NOW" file this out of time appeal to get his direct appeal timely docketed in this court and transmitted to the U.S. COurt of  Appeals for the Eighth Circuit due to the fact that the U.S. Supreme Court mandated that filing an out of time appeal, pursuant to Fed. Pv. App. P. 4, applies in a criminal case, see Stutson v. United States 516 U.S. 193, 194-95 (1996); Also see Petty, 82 F. 3d at 809.

As stated by the Supreme Court in Pioneer Investment Services Co. v. Brunswick Associated Ltd. Partnership, 507 U.S. 380, 395 (1993), which applies to all criminal cases filed under Fed. R. App. P. 4, See Stutson, 516 U.S. at 194-95 [Pioneer's ruling applies to all criminal cases], the court set out the

1

four factors to be considered when determining whether a late filing is due
to excusable neglect:

1). the danger of prejudice to the opposing party [taking to account all
relevant circumstances sourrounding the parti's omission];

2). the length of the delay and its potiential impact on judicial proceedings;

3). the reason for the delay, including whether it was within the
reasonable control of the defendant; and

4). whether the movant acted in good faith, Trasure v. Goding, 692 F.3d 888,
893(8th Cir. 2012); Fink v. Union Cent. Life Ins. Co., 65 F. 3d 722, 724 (8th Cir.
1995); Jones Truck lines v. Foster's Truck & Equip. Sales (In re Junes truck Lines),
63 F. 3d 685, 687-88( 8th Cir. 1995).

in which Defendant Beckman can prove that:

1). there is not any prejudice to the opposing party [Government] due to fact
that the delay was caused by his former trial attorney and not by the defendant,
in which, taking to account all the relevant circumstances surrounding the case
the defendant was under the assumption that his former trial attorney had already
filed a timely notice of appeal in his favor and his former counselor's mistake
cannot be held against him to say that he was actual person that casued prejudice
to the Government in this case, Pioneer, 507 U.S. at 395; Fink, 65 F. 3d at 893
(see exhibit 1);

2). even though the length of the delay was 21 months, the defendant's former
trial attorney's mistake by not filing a notice of appeal in the defendant's behalf
when he requested him to do so was clearly the result of an inadvertance, mistake
or carelessness made by his former trial attorney, Pioneer, 507 U.S. at 388, and
was just an accident error that was made in good faith and not an attempt by the
defendant to delay his own appeal process or escape the requirements or time
limitations in Fed. R. App. P. 4 (b) Pioneer, 507 U.S. at 395; JOnes Truck Lines

2

2). continued

63 F. 3d at 687-88;

3). the reason for the delay was not within the control of the defendant due to the fact that in was the defendant's former trial attorney that caused the delay and the 21 months delay was not caused by defendant Beckman acting as his own attorney, pursuant to 28 U.S.C. 1654, on February 9, 2018 or before 14 days after this sentencing hearing date; cannot be held against the defendant due to the fact that the defendant's tria lattorney told the defendant that he was going to file a timely notice of appea at sentencing and he also told defendant after sentencing that his appeal was "NOW", but in actuaity, the former trial attorney "NEVER" filed the defendant a notice of appeal ( see exhibit 1), Pioneer, 113 S. ct. at 1495; Treasurer, 692 F. 3d at 893; and

4). the defendant acted in good faith in filing this motion for an out of time appeal because, even though he tried to contact his lawyer about his wuld have been pending notice of appeall on October 31, 2019 (see exhibit 1), the defendant's former triall lawyer lead him to believe on February 9, 2018, the day of his sentencing hearing and months after his sentencing hearing, that Defendant Beckman had a pending appeal that was initiated or was filed by the former trial attorney, but after he didn't receive anything frm his former trial attorney concerning his appea after plethora attempts and after he did not get any reply frm the October 31, 2019 letter to his former trial attorney, or the court(see exhibit 1), defendant Beckman "IMMEDIATELY" filed this motion to the court through self- representation, pursuant to 28 U.S.C. 1654, to show the court that he did act in good faith by filing this motion,PPioneer, 507 U.S. at 395; Treasure, 692 F. 3d at 893; Fink, 65 F. 3d at 724; Jones Truck Lines, 63 F 3d at 687-88.

As stated by the Supreme Court in Pioneer at Sutuson, and as mandated by Congress, this court is permitted to accept this out of time appeal or late filing that was caused by inadvertance, mistake or carelessness by his

3

former trial attorney not filing his direct appea lor notice of appeal on February 9, 2018, in which this mistake was beyond the defendant's control, Pioneer, 113 S. Ct. at 1495; also see United States v. Jefferson, 315 F. Supp. 2d 1187 (M.D. Alb. 2004)

Defendant Beckman further proves that the Supreme Court in Hardy v. United states, 375 U.S. 277, 278 (1964) states that an appea by the defendant "NOW" frmo his February 9, 2018 district court's judgement of conviction in his current crimina case is governed as a statutory right afforded by 28 U.S.C. 1291 and 18 U.S.C. 3742 (a) (1) that is mandated by the U.S. Constitutino's Fifth Amendment [due process of law], in which, whether to grant an extension or 30 days extension to file a timely notice of appeal through self-representation, pursuant to 28 U.S.C. 1654, in this case rests lagelyly in the discretion of this court or Judge Fleissig due to the fact that when this court finds excusable neglect and "GRANTS" a 30 day extension to file a notice of appea, the court of appeals should not second-guess this determinatino or in any way, defeat the defendant's appeal see 16 A Wright, Miller & Cooper, Federal Practice & Procedure § 3950.3 (3d ed. 2004); also see Schacht v. U.S., 396 U.S. 984 (1969) [petition to file out of time writ of certiorar; by petitinoer granted].

Due to the fact that the defendant has shown excusable neglect based upon his former trial attorney's inadvertent mistake or carelessness for failure to file his notice of appea on or before 14 days after his sentencing hearing on February 9, 2018, this court will always accept a motion, such as this motino by defendant Beckman, to file an out of time notice of appeal (direct criminal appeal) [motion for an extension of time to file a Notice of Appeal]

4

and allow the defendant to timely file a notice of appeal, Gee v. UPS, 20 Fed. Appx. 571(8th Cir. 2001).

Lastly, Defendant Beckman states that once he is allowed to file a motion an out of time notice of appeal (direct criminal appeal) [motion for an extension of time to file a Notice of Appeal], he will further demonstrate to the court that the Supreme Court "NOW" allows a criminal defendant, such as Defendant Beckman, after he has entered into a guilty plea to challenge the constitutionality of the statue of conviction on direct appeal, see Class v. United States, 200 L.Ed. 2d 37(2018), in which, the defendant did not relinguish his right in a plea waiver to appeal the district court's constitutional determinations of simple by pleading guilty because the defendant's constitutional claims he is going to raise in his direct appeal will not contradict the terms of his indictment or his written plea agreement, and the claims raised by Defendant Beckman will not focus upon case-related constitutional defects that occurred prior to the entry of his guilty plea, Class, 200 L. Ed. 2d at 42-47. The defendant states that his constitutional claims that will be raised in his direct appeal will be meritorious and not frivolous in any way that would cause his appeal to get dismissed, duetto the fact that the burden is on the government to prove that his constitutional claims on direct appeal are not meritorious and the constitutional claims are indeed frivolous, Coppedge v. United States, 369 U.S. 438, 446 (1962), decoyed, kidnapped, abducted or physically carried away and held for ransom or reward of any person or himself due to the fact that he never conspired to kidnap anyone with two more people and take them over state lines or had them taken over state lines to violate 18 U.S.C. 1201 (a) (1);(c), Smith v. United States, 360 U.S.1, 7-8 (1959); Chatwin v. United States, 326 U.S. 455 (1946).

5

CONCLUSION

Defendant Beckman ask this court to "GRANT" this motion and allow him a 30 day extension from the date this motion is "GRANTED" to file a timely notice of appeal based on constitutional claims authorized and mandated by the Supreme Court precedent Class based on the evidence demonstrated herein this motion.

Sincerely Submitted,

Todd Beckman    # 46405-044

Federal Correctional Institution
F.C.I. Texarkana (low)
P o Box 7000
Texarkana, Tx. 75505-7000

Pro-Se Attorney for the Defendant,
Pursuant to 28 U.S.C. 1654

6

CERTIFICATE OF SERVICE

I, defendant Todd Beckman, duly attest that the contents herein this motion are true and based on the facts and this motion has been affixed with the correct U.S. Mail Postage for delivery to the court's address below:

> U.S. District Court
> 111 S. 10th Street
> Suite 3.300
> St. Louis, MO  63102

This 18th day of November, 2019

## EXHIBIT LIST

Exhibit 1-     Copy of letter to Defendant Beckman's former trial attorney
               instructing him to send the files regarding his pending
               direct appeal; also copy of letter to Defendant Beckman's
               sentencing judge, Judge Fleissg, asking to verify the
               defendant's pending direct appeal that was filed after
               sentencing on February 9, 2018 by his former trial
attorney,      Travis L. Noble, Jr.

EXHIBIT
1

October 31, 2019

Travis L. Noble, Jr., Esq.
Sindel and Sindel, P.C.
8000 Maryland Avenue
Suite 910
Claton, MO 63105

RE: USA v. TODD BECKHAM
    Case No. 4:16cr00528-AGF-1

Dear Attorney Noble:

The purpose of this letter is to check the status of my direct appeal you indicated that you would file on my behalf with the United States District Court of Appeals for the Eighth Circuit after sentencing. Why will you not return my phone calls?

I am also requesting a copy of the above captioned case file in the possession of this law office. Please forward copies of my entire file to the below listed address indicated herein below. (For example, (1) arrest reports, (2) witness statements, (3) defendant statements, (4) search warrants, (5) photos, (6) video, (7) defense pleadings, (8) orders of the district court, (9) government responses, (10) consent to search documents, (11) forensic reports, (12) discovery materials, (13) indictment, (14) plea agreement and stipulated facts, (15) transcripts of proceedings, and (16) any other documents related to my criminal case investigation).

I look foward to your reply in the future. Thank you!

Sincerely,

TODD BECKHAM
#46405-044
Federal Corretional Institution
P.O. Box 7000
G-Unit
Texarkana, TX 75505-7000
Ph:(903)838-4587
www.bop.gov

tb/file

October 31, 2019


U.S. District Clerk
United States Courthouse
Eastern District of Missouri
111 South Tenth Street
Room 3.300
St. Louis, MO 63102-1116


RE: USA v. TODD BECKMAN
     Case No. 4:16CR528-AGF-1


Dear Honorable Clerk:

The purpose of this letter is to verify that status of my direct appeal pending disposition. Following sentencing by the U.S. District Court my retained attorney Travis Noble indicated he would file a notice of appeal after being instructed to do so.

I have called his law office to learn what the status of my appeal is on several occassions, however, attorney Noble will not answer my calls. Members of my family have left messages on several occassion with his legal assistants but attorney Noble will not return their calls.

Attorney Noble will not respond to my letters mailed to his law office as well. I spoke with my institution's law clerk and he suggested that I write to U.S. District Court to learn whether attorney Noble file my notice of appeal in this Court.

Thus, I would like to know (1) whether my attorney file a notice of appeal, and (2) whether a direct appeal was filed on my behalf before the United States Court of Appeals for Eighth Circuit.

I look forward to the clerk's office response in the future.


Sincerely,



Todd Beckham
Reg. No. 46405-044
Federal Correctional Institution
P.O. Box 7000
G-Unit
Texarkana, TX 75505
Ph: (903) 838-4587


tb/file